## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LARRY DEAN THATCHER,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO CLARIFY SENTENCE WITHOUT PREJUDICE**<br><br>Case No. 2:23-cr-0097-CW<br><br>Hon. Clark Waddoups |

This matter is before the Court on the *pro se* motion of Defendant Larry Dean Thatcher to "Clarify Sentence Regarding Concurrent Designation and Credit for Time Served," filed on April 20, 2026 (the "Motion").  [ECF No. 54.]  Mr. Thatcher argues in his Motion that the Federal Bureau of Prisons (the "BOP") has calculated his sentence in a manner "that does not reflect credit for the time [he] spent in county jail while on writ status and/or does not reflect full concurrency with the state sentence."  [*See id*. at 1.]  For the reasons discussed below, Mr. Thatcher's Motion is DISMISSED WITHOUT PREJUDICE.

### BACKGROUND

On March 15, 2023, Mr. Thatcher was charged in a two-count indictment. [*See* ECF No. 1.]  Under Count I he was indicted for possession of methamphetamine with intent to distribute, and under Count II he was indicted for possession of cocaine with intent to distribute.  [*Id*.]  Both charges alleged a

-1-

violation of 21 U.S.C. § 841(a)(l).  [*Id.*]  A federal arrest warrant was issued that same day.  [*See* ECF No. 3 (sealed.).]  Mr. Thatcher, however, had already been in the custody of the State of Utah since March 1, 2026.  [*See* Presentence Investigative Report ("PSR"), ECF No. 46 (sealed) at ¶7.]

Mr. Thatcher apparently remained in state custody at the Utah State Correctional Facility until August 30, 2023, when a Writ of Habeas Corpus *ad prosequendum* was issued.  That Writ commanded Mr. Thatcher's appearance that same day at 2:00 p.m. for his initial appearance and arraignment before a federal magistrate judge of this court.  [*See* ECF No. 7.]  The previously issued federal arrest warrant was executed that day.  [*See* ECF No. 17.]

At Mr. Thatcher's arraignment the magistrate judge addressed the issue of continued pretrial detention.  Mr. Thatcher, through his appointed counsel, submitted on the issue of detention and the court ordered Mr. Thatcher to be "detained and remanded to the USMS pending resolution of this matter."  [Minute Entry, Aug. 30, 2023, ECF No. 9; *see also* Detention Order, ECF No. 14 at 4 ("The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement …."").]  That detention continued until Mr. Thatcher's federal sentencing on June 17, 2025.

At Mr. Thatcher's sentencing, and after reviewing the Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement between Mr. Thatcher and the United States, the court sentenced Mr. Thatcher to a term of 48-months imprisonment—a sentence that was below the applicable Guideline range

sentence.[1]  [*See* Minute Entry June 17, 2025, ECF No. 49; Judgment, ECF No. 50;

*see also* PSR, ECF No. 46 (sealed) at ¶92.]  The court also specifically ordered Mr.

Thatcher's 48-month sentence "to run concurrent with the sentence imposed in

State of Utah Case Nos. 171100146, 161101315, & 161100785."  [*See* ECF No. 50 at

2.][2]

In his Motion, Mr. Thatcher asserts that the court "indicated" that he "would

receive credit for time served, including time spent in custody on the federal writ."

[*See* ECF No. 54 at 1.]  The court, however, did not include any express reference to

credit for time served in its written judgment.  [*See* ECF No. 50.]  And the court has

reviewed an audio recording of the June 17, 2025, sentencing hearing, which

confirms that the court never issued any ruling on credit for time served or even

referenced the issue.  Although defense counsel mentioned that Mr. Thatcher may

not get credit for the time he served in state custody and asked the court that

"starting from today" Mr. Thatcher be given credit for time he has served in state

custody, the court did not address this request or otherwise indicate that Mr.

Thatcher should be given credit for time served.  The court did, however, order that

the federal sentence it was imposing was to be served concurrently with three

---

[1]     The Rule 11(c)(1)(C) plea agreement does not mention any agreement on concurrent sentences or credit for time served.  [*See* ECF No. 43.]

[2]     A federal district court has the discretion to order that a defendant's federal sentence run concurrently to his anticipated state sentence.  *See Setser v. United States*, 566 U.S. 231, 236 (2012); *see also United States v. Cerrato-Avila*, No. 24-1193, 2025 WL 3171871, at *2 (10th Cir. Nov. 13, 2025) (unpublished) (quoting *Setser* noting that "district courts have discretion 'to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences' imposed at different times, including 'a state sentence that has not yet been imposed'") (citation omitted).

specifically identified state cases.  [*See* ECF No. 50 at 2 ("48 months, to run concurrent with the sentence imposed in State of Utah Case Nos. 171100146, 161101315, & 161100785").]

And although Mr. Thatcher now asserts that the BOP has calculated his sentence in a manner that does not reflect credit for the time he spent in state custody or does not reflect a full concurrency calculation, his Motion does not offer when the BOP made these calculations, what these calculations may be, or even that he has communicated with the BOP on these issues.  In fact, in a prior letter he submitted to the court Mr. Thatcher noted that he "do[es] not have access to Computation Printouts or Jail Credit Worksheets."  [*See* ECF No. 52 at 1.]

<u>ANALYSIS</u>

In his Motion, Mr. Thatcher does not invoke any Federal Rule of Criminal Procedure or any other authority to support his request to clarify his sentence. Federal Rule of Criminal Procedure 35(b), which is entitled "Correcting or Reducing a Sentence," offers no support to Mr. Thatcher as it may only be used to correct or reduce a sentence in two scenarios, neither of which is present here.  Moreover, the other means by which the court may modify a previously imposed term of imprisonment have not been asserted by Mr. Thatcher or are either inapplicable or unavailable to him.[3]

---

[3]      *See, e.g.*, 18 U.S.C. § 3582(c)(1)(A) (permitting modification for "extraordinary and compelling reasons" or if the prisoner is "at least 70 years of age and has served at least 30 years in prison"); § 3582(c)(2) (permitting modification if the sentencing range used at sentencing was subsequently lowered by the U.S. Sentencing Commission).  And even if he had sought relief under 18 U.S.C. § 3582(c)(1)(A), the court could only consider such a

Further, to the extent Mr. Thatcher has any concerns about his eligibility for any credit for time served or the calculation of any such credits, or the concurrency impact on the calculation of his federal sentence, that inquiry must first be raised with the BOP through its Administrative Remedy Program.

As noted above, Mr. Thatcher asks to have his sentence clarified because, in his view, the BOP is not giving him credit for time he spent in custody prior to being sentenced in this case. One of the main difficulties Mr. Thatcher faces, however, is that after a district court sentences a federal offender, it is the Attorney General, through the BOP, that has responsibility for administering his sentence. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). At that point the BOP is the entity responsible for calculating the amount of prior custody credit that a prisoner may be entitled to. *Wilson*, 503 U.S. at 333–37; *see also Stingley v. True*, No. 21-cv-2141, 2022 WL 1128569, at *4 (D. Colo. Apr. 15, 2022) (noting that "'[t]he Attorney General, through the BOP, is responsible for making the sentence calculations

---

motion after Mr. Thatcher had "'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier ....'" *United States v. Movahhed*, No. 2:19-cr-93, 2024 WL 496061, at *1 (D. Utah Feb. 8, 2024) (quoting § 3582(c)(1)(A)). As discussed herein, Mr. Thatcher has not done so.

The court recognizes that 18 U.S.C. § 3585, entitled "Calculation of a term of Imprisonment," is applicable to claims concerning Mr. Thatcher's entitlement to credit for prior custody. But as discussed below, those determinations are to be made in the first instance by the Attorney General, through the BOP. And it is only after Mr. Thatcher has sought the input of the BOP that a court (but not necessarily this court) may weigh in on this issue. Further, the court recognizes that it, as the sentencing court, had the discretion under 18 U.S.C. § 3584 to order Mr. Thatcher's federal sentence to run concurrent with an undischarged state sentence. And, in fact, the criminal judgement entered by the court [see ECF No. 50 at 2] did just that—expressly ordering Mr. Thatcher's federal sentence to run concurrent with three specifically identified state offenses.

prescribed by Section 3585 [*i.e.,* calculations concerning commencement dates and prior custody credits].'") (citations omitted).

Federal regulations provide federal prisoners with administrative review of the computation of their sentences and credits, starting with an informal review and then escalating to the Central Office of the BOP. *See, e.g.,* 28 C.F.R. § 542.10 – § 542.18. Generally, the initial step for Mr. Thatcher would be to contact the Administrative Remedy Coordinator or Clerk designated at his correctional institution. Most sentence computations for the BOP are calculated by the Designation and Sentence Computation Center located in Grand Prairie, Texas.[4] Mr. Thatcher would then have to exhaust his administrative remedies before seeking any sort of relief in federal court. *See Setser,* 566 U.S. at 244 (noting that a prisoner is free to urge the BOP to credit his time served in state court based on a district court's judgment that his federal sentence run concurrently with a state sentence and that if the BOP declines to do so he may raise his claim through the BOP's Administrative Remedy Program, and if that does not work, he may seek a writ of habeas corpus under 28 U.S.C. § 2241); *Reed v. United States,* 262 F. App'x 114, 116 (10th Cir. 2008) (unpublished) (noting that where a "sentencing-credit determination" is at issue the prisoner must first permit the BOP to compute any

---

[4] As indicated in Mr. Thatcher's March 12, 2026, letter to the court, it appears that he is already aware of the role that the Grand Prairie facility performs. [*See* ECF No. 52 at 1 ("I would ask that Grand Prarie [sic] reduce my Jail credit for time served while in Federal custody.").]

credit and only after exhausting administrative remedies may the prisoner seek judicial review).

Mr. Thatcher's Motion, however, does not make any assertion that he has contacted (formerly or informally) the BOP, let alone that he has exhausted any administrative remedy that may have been available to him.  And even if he had established that he had exhausted all his administrative remedies, a motion concerning the calculation and execution of his sentence must be filed as a habeas petition under 28 U.S.C. § 2241.  *See, e.g., United States v. Storm*, 281 F. App'x 830, 832 (10th Cir. 2008) (unpublished) (holding that prisoner's claim that the BOP was improperly executing his sentence fell "squarely within § 2241"); *Stingley*, 2022 WL 1128569, at *3 (recognizing that a § 2241 petition, filed in the district where the prisoner is confined at the time he filed the petition, is the appropriate jurisdiction in which to challenge the BOP's determination on concurrent sentences and its calculation of any time credits).

Further, any such petition would have to be heard in the judicial district where Mr. Thatcher is confined, which is not the District of Utah.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity

and must be filed in the district where the prisoner is confined.") (internal quotation omitted); *Stingley*, 2022 WL 1128569, at *3.

Thus, even if Mr. Thatcher had exhausted all his administrative remedies, and further assuming he filed an appropriate § 2241 petition, this court—even though it was the sentencing court—could not grant him his requested relief because he must bring that challenge in the District of Colorado, the district in which Mr. Thatcher is incarcerated.[5]

<u>CONCLUSION</u>

There is no doubt that the court ordered Mr. Thatcher's federal sentence to be served concurrently with three specific state offenses.  [*See* ECF No. 50 at 2.]  But whether the BOP is correctly calculating concurrency, or is correctly calculating any prior custody credits, is an issue that must first be presented to the BOP before a court may address it.

Accordingly, and for all the reasons discussed above, **IT IS ORDERED** that Mr. Thatcher's Motion [ECF No. 54] is **DISMISSED WITHOUT PREJUDICE**.

DATED this 8th day of May 2026.

BY THE COURT:

_____

Clark Waddoups
United States District Judge

---

[5]    Mr. Thatcher's Motion indicates that he is incarcerated at FCI Florence.  [*See* ECF No. 54 at 3.]